UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DUSTIN J. AUTTONBERRY | CIVIL ACTION NO. 3:12-cv-00638 |
| LA. DOC #473413 | |
| OPCC #1756368 | SECTION P |
| | |
| VS. | JUDGE DONALD E. WALTER |
| | |
| OUACHITA CORRECTIONAL | |
| CENTER, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Dustin J. Auttonberry, proceeding *in forma pauperis*, filed the instant

civil rights complaint pursuant to 42 U.S.C. §1983 on March 8, 2012. Plaintiff is a pre-trial

detainee in the custody of the Ouachita Parish Sheriff awaiting trial on charges of simple escape

and simple criminal damage to property lodged in the Fourth Judicial District Court.[1]  His

virtually indecipherable complaint implies that his incarceration violates Amendments 8-16 of

the United States Constitution and he is therefore entitled to be released and compensated in the

amount of $3,458,000 by the Ouachita Correctional Center, Sgt. Spears, the Ouachita Parish

Sheriff's Office, the Ouachita Parish Court, the Judge of the City Court in West Monroe, the

prosecutor in that court, unknown officers, Officer Allen, and Judges Norris, Roberts, and

Manning.

    This matter has been referred to the undersigned for review, report, and recommendation

in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the

following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE**

---

[1] See Ouachita Parish Sheriff's Office, booking information at  www.opso.net

as frivolous and for failing to state a claim for which relief may be granted.

## Background

On March 8, 2012, plaintiff filed a *pro se* civil rights complaint.  The allegations of fact contained within the body of the complaint [Doc. 1, ¶IV] and in the accompanying hand-written document entitled "Appeal Notice Pec, Pec, Pec, Strike Cause Probable" [Doc. 1, pp. 5-8] are, as noted above, virtually indecipherable and incomprehensible.  Among other things,  plaintiff alleged, "#2009 alleged simple escape R.S.14:110 alleged simple criminal damage to property by alleged Sgt. Spears Sheriff department alleged by officer Allen destreet men at West Monroe Police Department #2010 hartstreet, violation equal protection violation due process procedure protection due process clause 201 ccrp affidavit must and fingerprint must and objection at time of ruling at dismissal ruling Norris Roberts judge Sgt. Spears officer alleged alligation Bill Rights..."  The attachments are no less opaque. He begins, "Dustin J. Auttonberry claimed #8, #9, #10, #11, #12, #13, #14, #15, #16 crule and unusual violation equal protection violation due process procedure protection clause or bias imparital partial contemp of court cause Pec Pec Pec strike, strike, strike, notice notice Dustin J. Auttonberry claimed cause liberty in retraction garanteed by posted policy..."

The only clear aspect of his pleadings is contained in his prayer for relief which states, "Must release Dustin J. Auttonberry provide $3.458.000.00 must effect release $3.458.000.00..."

## Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate

the complaint, and dismiss it without service of process, if it is frivolous, malicious, fails to state

a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §1915A; 28 U.S.C. §1915(e)(2). *Ali v. Higgs*, 892 F.2d 438,

440 (5th Cir.1990).   A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based

upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category

including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25

(5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504

U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff's complaint – both indecipherable and incomprehensible – falls into the category

of the fanciful and delusional. Further amendment would serve no useful purpose. As is shown

below, plaintiff is clearly not entitled to relief.

### 2. Habeas Corpus

Plaintiff prays for his immediate release from custody. Such relief is not available in a

civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available,

if at all,  in a *habeas corpus* action. To the extent that he maintains that his custody is pursuant to

a conviction in a state court, he must seek relief in a petition for *habeas corpus* pursuant to 28

U.S.C. §2254; to the extent that he claims that his pre-trial detention is in violation of the

Constitution and laws of the United States, he must seek relief in a petition filed pursuant to 28

U.S.C. §2241. In either case, he must first exhaust available state court remedies by fairly

presenting the substance of his Constitutional claims to Louisiana's Supreme Court in a

procedurally correct manner.

Nevertheless, since release from custody is not available in this proceeding, plaintiff fails

to state a claim for which relief may be granted.

### 3. Limitations

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte. See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need  not realize that a legal cause of action exists but only that the facts support a claim. *See*, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

The "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). Plaintiff implies that he was falsely

arrested and imprisoned. This claim accrued on June 23, 2010, when he was arrested on warrants charging him with simple escape and criminal damage to property. The Initial Arrest Report and Booking Information relative to plaintiff's case reveals that plaintiff was arrested on June 23, 2010, on Warrants signed by Judge Carl Sharp of the Fourth Judicial District Court. Plaintiff was charged with simple escape and criminal damage to property and he was immediately booked into the OCC as required by La. C.Cr.P. art. 228.[2]  Plaintiff was arrested on a warrant signed by a district judge; therefore, in the absence of evidence to the contrary, it must be presumed that the judge who issued the warrant determined that there was probable cause to arrest the petitioner. Further, the booking sheet indicates that bond was set in the amount of $20,000 on the date and time that plaintiff was booked into the OCC. Therefore, for the purposes of determining the date that plaintiff's claim accrued, it must be assumed that plaintiff was detained pursuant to lawful process on June 23, 2010, when he was arrested on Judge Sharp's warrant. *Compare Villegas v. Galloway*, 2012 WL 45417 (5th Cir. 2012)(unpublished) ("...false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate. *Wallace v. Kato*, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Here, any claim of false imprisonment arising out of the allegedly unlawful search and seizure accrued in 2003, when a magistrate judge found probable cause to detain Villegas pending trial.")

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).  Plaintiff therefore had 1-year, or until June 23, 2011, to file his civil rights complaint claiming false arrest/imprisonment.  Plaintiff's complaint was filed in March

---

[2] Initial Arrest Report and Booking Information available at www.opso.net

5

2012,  well beyond the expiration of the 1-year period of limitations and therefore the complaint should be dismissed as frivolous.

### *Orders and Recommendation*

Based on the foregoing,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint (42 U.S.C. §1983) seeking release from custody and  damages be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers at Monroe, Louisiana, April 30, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

6